LAW OFFICES OF AMY N. TIRRE,
A Professional Corporation
AMY N. TIRRE, ESQ.  #6523
3715 Lakeside Drive, Suite A
Reno, NV 89509
(775) 828-0909 Telephone
(775) 828-0914 Facsimile
E-mail: amy@amytirrelaw.com

RUSSELL C. WEIGEL, III, P.A.
Russell C. Weigel, III (pro hac vice to be filed)
5775 Blue Lagoon Drive, Suite 100
Miami, Florida  33126
(786) 888-4567 Telephone
Email:  rweigel@investmentattorneys.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIAM ALESSI, an individual,<br><br>  Plaintiff,<br>v.<br><br>HYBRID COATING TECHNOLOGIES INC,<br>a Nevada corporation,<br><br>  Defendant. | CASE NO.<br><br>**COMPLAINT**<br><br>**JURY DEMANDED** |

Plaintiff WILLIAM ALESSI ("Plaintiff"), by and through undersigned counsel, hereby files his complaint against Defendant, HYBRID COATING TECHNOLOGIES INC ("Defendant"), and alleges:

**Diversity Jurisdiction and Venue**

1. Plaintiff's monetary claims for damages exceed $75,000.00, exclusive of attorney's fees, pre-judgment interest, and costs.

-1-

2. HYBRID TITAN MANAGEMENT, LLC ("HTM"), at all times material hereto, is and has been a Delaware corporation headquartered in the state of North Carolina and owned by Plaintiff.

3. Plaintiff at all times material hereto, is and has been a resident of the state of North Carolina.

4. Defendant HYBRID COATING TECHNOLOGIES INC, a Nevada corporation ("Defendant"), at all times material hereto, is and has been a Nevada corporation headquartered in Daly City, California and otherwise is *sui juris*.

5. The Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 because all parties are diverse in citizenship or residency.

6. Venue is appropriate in the District Court of Nevada pursuant to 28 U.S.C. §1332 (c)(1) because Defendant is a Nevada corporation.

**FACTS**

7. On or about December of 2013, the HTM and Defendant, executed a service agreement ("Service Agreement") wherein HTM agreed to provide business development services to Defendant and the Defendant agreed to compensate HTM with 1,200,000 common stock purchase warrants ("Warrant Stock") having an exercise price of $0.001 per share, contingent on the conditions stated on the Service Agreement. A true and correct copy of the Service Agreement is attached hereto as **Exhibit 1**.

8. Along with the Service Agreement, on or about December 9, 2013, the Defendant executed the Warrant for the Right to Purchase Common Stock ("Warrant") granting HTM the right to exercise the Warrant and to purchase from the Defendant up to 1,200,000 shares of Defendant's common stock in accordance with the terms and conditions therein. A true and

correct copy of the Warrant for the Right to Purchase Common Stock is attached hereto as **Exhibit 2**.

9. Neither party to the Service Agreement terminated the Service Agreement before its one-year duration of December 9, 2014.

10. The Warrant by its terms expired on December 9, 2014.

11. HTM performed its duties specified in the Service Agreement, and Defendant honored one of HTM's Warrant exercises on July 12, 2014 for 350,000 shares.

12. On or about July 21, 2014, HTM assigned all of its right, title, and interest in the Warrant to Plaintiff. A true and correct copy of the Assignment is attached hereto as **Exhibit 3**.

13. On or about October 12, 2014, Plaintiff delivered a Warrant Exercise Form to Defendant demanding the exercise of 850,000 warrants and the issuance to him of 850,000 shares of Defendant's common stock. A true and correct copy of the Warrant Exercise Form is attached hereto as **Exhibit 4**.

14. Defendant refused to comply with Plaintiff's tender of the Warrant Exercise Form for 850,000 warrants and the issuance of 850,000 shares.

15. The market price of Defendant's common stock on or about the date of Plaintiff's tender of the Warrant Exercise Form was approximately $0.10 per share, having a market value of approximately $85,000.00, if Defendant would have complied with the demand for warrant exercise.

16. Any and all conditions precedent to bringing any claim alleged herein have been complied with.

17. Plaintiff has retained legal counsel and has incurred attorneys' fees and expenses for prosecuting its claims against Defendant.

18. On or about December 8, 2014, Plaintiff, through counsel, communicated its notice

and declaration to Defendant that it is in default of its Warrant. A true and correct copy of this communication is attached as **Exhibit 5**. Plaintiff has made additional and similar demands to Defendant on earlier occasions.

## COUNT I

### BREACH OF CONTRACT
### (Breach of Service Agreement and Warrant)

19. Paragraphs 1 through 18 are incorporated by reference.

20. The October 12, 2014 Warrant Exercise Form was duly executed by Plaintiff and delivered to Defendant.

21. Defendant's performance of the terms and promises for payment in the Service Agreement and Warrant were required by the Service Agreement and Warrant, in that, Defendant was required to honor Plaintiff's submission of Warrant Exercise Forms until the total amount of 1,200,000 warrants had been exercised and the requisite number of shares of common stock were issued to Plaintiff.

22. The Defendant failed, without legal excuse, to perform these terms and promises set forth above.

23. Defendant waived any claim or defense of non-performance by Plaintiff of the Service Agreement by Defendant's honor of Plaintiff's warrant exercise for 150,000 warrants and the issuance of 150,000 shares of common stock in or about July 12, 2014.

24. As a direct and proximate result of the Defendant's breaches of the Service Agreement and Warrant, the Plaintiff has been damaged.

25. Plaintiff is damaged for Defendant's breach of contracts in this Count I in the amount of approximately $85,000.00, or such other amount as the market value for 850,000 shares of Hybrid Coatings Technologies Inc common stock was worth on or about October 12, 2014.

-4-

**WHEREFORE**, Plaintiff demands judgment against Defendant, for damages, including special or consequential damages, costs, pre-judgment interest, attorneys' fees, and for such other and further relief that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Trial by jury is demanded on all issues so triable by jury.

Dated: December 11, 2015.   LAW OFFICES OF AMY N. TIRRE
A Professional Corporation


By /s/ Amy N. Tirre
Amy N. Tirre, Esq., Bar No. 6523
3715 Lakeside Drive, Suite A
Reno, NV 89509
(775) 828-0909

Counsel for Plaintiff